IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HTK HAWAII, INC., | ) CIVIL NO. 15-00114 JMS-RLP |
| Plaintiff, | ) MEMORANDUM IN SUPPORT OF ) MOTION |
| vs. | ) |
| KEVIN SUN; NICOLE YANG | ) |
| Defendants. | ) |
| _____ | ) |

428523-2

TABLE OF CONTENTS

Page(s)

Table of Authorities .................................................................................................. ii

I.   BACKGROUND ...............................................................................................1

   A.   Factual Background...............................................................................1

   B.   Procedural Background .........................................................................2

      1.   The Failed Settlement Conferences .............................................3

      2.   The Failed Mediation ..................................................................6

II.  THIS COURT HAS THE POWER AND AUTHORITY TO ORDER SANCTIONS ........................................................................................................8

III. THE SUNS' FAILURE TO MEANINGFULLY PARTICIPATE IN MEDIATION WARRANTS SANCTIONS....................................................9

   A.   The Suns' Failure to Attend the Entire Mediation Should Be Sanctioned ...........................................................................................10

   B.   The Failure of the Suns' Local Counsel to Attend Mediation Should Be Sanctioned......................................................................................12

   C.   The Suns' Refusal To Meaningfully Participate In The Process of Mediation Is Sanctionable ...................................................................13

   D.   This Court Must Sanction Defendants ................................................14

IV.  CONCLUSION................................................................................................16

## TABLE OF AUTHORITIES

Page(s)

### *CASES*

*In re A.T. Reynolds & Sons, Inc.*, 452 B.R. 374, 381 (S.D.N.Y. 2011) ..................12

*Chapman v. Pacific Tel. & Tel. Co.*, 613 F.2d 193 (9th Cir. 1979) .........................8

*Gilling v. Eastern Airlines, Inc.*, 680 F. Supp. 169 (D. N.J. 1988) .........................9

*Gonzales v. Gillespie*, No. 2:14-cv-00792-GMN-NJK, 2015 U.S. Dist. LEXIS 153189, at *2-*3 (D. Nev. Nov. 10, 2015)............................................8, 9

*In re Atlantic Pipe Corp.*, 304 F.3d 135 (1st Cir. 2002)..................................... 12-13

*John's Insulation, Inc. v. L. Addison and Assocs., Inc.*, 156 F.3d 101 (1st Cir. 1998) ......................................................................9

*Legault v. Zambarano*, 105 F.3d 24, 28-29 (1st Cir. 1997).....................................12

*Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001) ...............................................................13

*Martin Family Trust v. NECO/Nostalgia Enters. Co.*, 186 F.R.D. 601, (E.D. Cal. 1999) .......................................................................9

*Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001) .........................8, 10, 14

*Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV-GOODMAN, 2015 U.S. Dist. LEXIS 72464 at *4 (S.D. Fla. June 4, 2015) .....................................10

*Sherman v. United States*, 801 F.2d 1133 (9th Cir. 1986) ........................................8

*Stickney v. Pillsbury Co.,* No. 7:02CV3240, 2003 U.S. Dist. LEXIS 28296, *21 (D. Neb. Apr. 25, 2003) ...............................................................10

428523-2

## *RULES*

L.R. 88.1(f) ...........................................................................................................9

L.R. 83(e)(5) ......................................................................................................13

Fed. R. Civ. Proc. Rule 16(f) ...............................................................8, 12, 13, 14

428523-2

# MEMORANDUM IN SUPPORT OF MOTION

Defendants, Kevin Sun and Nicole Yang, and their local counsel, failed to meaningfully participate in court-ordered mediation and should be sanctioned. Prior to mediation, Defendants' adamant refusal to litigate this case in proportion to the amount at issue precipitated two failed settlement conferences. This Court ordered mediation because in the Court's words "this isn't a big case." Defendants' actions, as set forth herein, are wholly inconsistent with the Court's order.

Accordingly, Plaintiff HTK Hawaii, Inc. ("HTK") respectfully requests an Order for sanctions as follows:

(1) Revocation of the Order Granting Applications of Bradford T. Child and Yi Yang to Appear Pro Hac Vice [Dkt. 90], filed February 8, 2016.

(2) Monetary sanctions in the amount of $5,000, which consists of the approximate attorneys' fees incurred by HTK in preparing for and participating in the mediation held on February 22, 2016.

(3) An Order requiring Defendants to pay the entire mediator's fee and all of their own costs for the mediation.

## I. BACKGROUND

### A. Factual Background

This case arises from a small dispute involving a local shave-ice business, Plaintiff HTK Hawaii Inc. In mid 2013, HTK began discussing the possible expansion of HTK's sales on the mainland—specifically California—with

Defendants Kevin Sun and Nicole Yang (collectively "Suns"). The Suns were eventually brought on as independent contractors for this purpose. In contemplation of future expansion, the parties signed a non-binding term sheet where the Suns had agreed to pay $250,000.00 for a one half interest of the HTK business in California. The amount was to be paid by the Suns to HTK over three years beginning January 2014. The Suns also agreed to pay one half of all mainland inventory costs. As a good faith commitment, HTK paid the Suns approximately $99,000 to continue discussions and negotiations with respect to a potential future partnership agreement.

By December 2014, the business relationship between the parties soured as it became apparent to HTK that the Suns were scamming them. The Suns had failed to make a single payment toward either the $250,000 purchase price or their half of the mainland inventory costs—totaling approximately $50,000 by mid 2014. HTK was forced to front the entire cost of mainland inventory, essentially acting as a line of credit for the Suns. Furthermore, the Suns also failed to adequately expand HTK's business on the mainland as agreed.

B. Procedural Background

In late 2014, Defendant Nicole Yang threatened to file a lawsuit against HTK after HTK demanded that the Suns pay their share of the mainland inventory costs and other expenses as they became due. HTK then filed a

2

Complaint in the Circuit Court of the First Circuit of Hawaii against the Suns seeking to obtain a declaratory ruling that the term sheet the parties entered into was null and void.  Dkt. 1-1.  In response, the Suns filed an over-the-top retaliatory lawsuit in California, complete with slanderous accusations of financial wrongdoing, such as breaching their fiduciary duties, concealing profits, withholding financial documents, and fraud.  See e.g., Dkt. 59-16.  The California action has been stayed pending the outcome of this case.

On April 2, 2015, the Suns removed the suit to federal court.  Dkt. 1.  On July 7, 2015, the Suns filed their first Motion to Dismiss and Motion to Transfer HTK's Complaint, which were both denied without prejudice by the Honorable J. Michael Seabright.  Dkt. 49.  Judge Seabright then ordered a settlement conference.

### 1.   The Failed Settlement Conferences

The first of two unsuccessful settlement conferences was held on September 11, 2015 with Magistrate Richard L. Puglisi.  The second conference, also with Magistrate Puglisi, was held on November 16, 2015.  Dkt. 56.  At both conferences, the Suns made ridiculous demands, such as, demanding the payment of millions of dollars or transferring a California investment property owned by HTK's president William Hsia as a settlement payment.  See Declaration of

3

Matthew C. Shannon.  The Suns settlement demands were clearly exorbitant and demonstrated a lack of good faith in settlement discussions.

On November 23, 2015, the Suns filed their second Motion to Dismiss, as well as a further Motion to Transfer Venue to California.  Dkt. 58, 61.  The hearing was held on January 6, 2016.  At the conclusion of the hearing, Judge Seabright denied the motions and ordered the parties to mediation.  His comments at the hearing clearly established that this case is not worth what the Suns previously demanded at the settlement conferences with Magistrate Puglisi.  Specifically, Judge Seabright told counsel that this "isn't a big case" and it is being over-litigated beyond its actual value:

> THE COURT:  All right.  I will put out a written order on this.  Now, I want to say to all counsel, I am -- and I have not said this or done this very often in my 10 years on the bench now.  **This isn't a big case.  It shouldn't be a big case.  By "big" I mean dollar figures and resources**. . . .
>
> The case is being litigated, I think, beyond how it should be litigated.  And I have only I think twice ordered a case into mediation, which I have the power to do.  And I am inclined to do that in this case.  In part because I think things are careening out of control largely.
>
> We have a case in two different jurisdictions.  There's no reason for that.  I tried to get you to meet with Judge Puglisi, which I think you did, to see if you could work out something.  You couldn't do it.  Should have been done.  It should have been done.  And when I see a Motion to Dismiss that I think has no merit, Motion for Change of Venue, I'm not saying it's frivolous, but I don't think this is a case that calls for motion -- that motion.

4

…

So my intent is to order you folks into mediation.

See Exhibit A, pp. 27-29 (emphasis added).

As part of Judge Seabright's order to mediate, he also instructed the parties to split the out-of-pocket costs of the mediation equally, including Kevin Sun's travel expenses and the mediator's fee.[1]  Id. at p. 30. Magistrate Puglisi appointed Justice James E. Duffy (ret.) as mediator and gave notice to the parties that mediation was to occur, in Hawaii, no later than February 22, 2016.  See Dkt. 76.

Surprisingly, the Suns obtained new mainland and local counsel right before the mediation.  HTK did not oppose the Suns' motion to substitute counsel, given Judge Seabright's clear instructions regarding mediation.  The Suns' new California counsel consists of Bradford T. Child, Esq. and Yi "Eva" Yang, Esq., who is the sister of Defendant Nicole Yang.  Dkt. 90.  On February 8, 2016, this Court entered an Order Granting Applications of Mr. Child and Ms. Yang to Appear Pro Hac Vice.  Id.

Neither the Suns nor their new counsel were present at the hearing where Judge Seabright denied the Suns' motions and stated that this "isn't a big case."  Accordingly, on February 17, 2016, HTK's counsel emailed the Suns' new

---

[1]  Defendant Nicole Yang was unable to travel to Hawaii for the mediation, and her absence was excused by HTK and Magistrate Puglisi.

mainland counsel a copy of the transcript from the hearing, several days before the mediation.  See Exhibit B.  Therefore, HTK ensured that the Suns and their new counsel had prior notice of Judge Seabright's position with respect to the mediation and the perceived settlement "value" of the lawsuit.

        2.      The Failed Mediation

The mediation was held on February 22, 2016 at 9:00 a.m. with Justice Duffy serving as the mediator.  Unfortunately, the Suns and their mainland counsel failed to meaningfully participate in good faith.  Defendant Kevin Sun and *pro hac* counsel Eva Yang did not arrive until 9:15 a.m.—15 minutes late.  They also left early, at approximately 1:30 p.m., because they booked a 3:00 p.m. return flight.  Defendants' local counsel failed to attend the mediation at all.  In fact, to date HTK has had no contact or communication from the Suns' local counsel regarding the mediation or settlement discussions.  See Shannon Declaration.

At the mediation, Justice Duffy met with HTK for approximately 30 minutes in the morning, and then met with the Suns.  Id.  At 11:30 a.m., Justice Duffy advised HTK that Defendants were leaving the mediation at 1:00 p.m. for a 3:00 p.m. flight back to California.  Id.  Both HTK and Justice Duffy were taken by complete surprise upon learning that the Suns' participation in mediation was limited to half a day, especially given Judge Seabright's clear instructions.  It was clear that Defendants never intended to participate in the mediation in good faith;

6

428523-2

otherwise, they would not have booked a return flight that required them to leave right after lunch!

More importantly, in a huge setback from earlier settlement offers, the Suns actually **increased** their settlement demand at the mediation compared to the prior settlement conferences.  See Shannon Declaration.  At the mediation, the Suns demanded $120,000 more than the last offer they made at the second settlement conference with Magistrate Puglisi on November 16, 2015.  Before they left, the Suns' final demand was still $20,000 more than the final offer they made in the second settlement conference.  Accordingly, no progress was made at the mediation; in fact, the Suns demanding even more money, despite the clear comments by Judge Seabright.  Id.[2]

As a result, any momentum and progress made at the settlement conferences and the Motion to Dismiss hearing was lost.  **The Suns went backward**—they came to the mediation demanding even more money, despite Judge Seabright's admonition that this "isn't a big case" and it should be settled.  The Suns' new mainland counsel even bragged that they were taking the case on contingency, so that the Suns would not be bound by cost constraints, and would easily be able to litigate to trial.  See Shannon Declaration.  Therefore, in the

---

[2] If requested, HTK's counsel is able to provide a declaration under seal to the court to disclose the exact monetary demands made by the Suns during the mediation.

7

ultimate display of bad-faith gamesmanship, the Suns used the substitution of new counsel (Defendant Yang's own sister), as a way to unfairly embolden their position, circumvent the mediation order, and inject even more personal animosity into a case that Judge Seabright specifically instructed the parties to settle.

II.     THIS COURT HAS THE POWER AND AUTHORITY TO ORDER SANCTIONS

"Orders are not suggestions or recommendations, they are directives with which compliance is mandatory." Gonzales v. Gillespie, No. 2:14-cv-00792-GMN-NJK, 2015 U.S. Dist. LEXIS 153189, at *2 (D. Nev. Nov. 10, 2015) (citing Chapman v. Pacific Tel. & Tel. Co., 613 F.2d 193, 197 (9th Cir. 1979). Fed. R. Civ. P. Rule 16(f) requires compliance with any scheduling or other pretrial order and is "broadly remedial and its purpose is to encourage forceful judicial management." Sherman v. United States, 801 F.2d 1133, 1135 (9th Cir. 1986) (per curiam). See Gonzales, No. 2:14-cv-00792-GMN-NJK, 2015 U.S. Dist. LEXIS 153189, at *4 ("When a court determines that Rule 16(f) has been violated, it has broad discretion in fashioning an appropriate sanction"). "While not expressly enumerated, the imposition of court fines is within the scope of the just orders permitted by Rule 16(f)." Id. (citing Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595-96 (8th Cir. 2001)).

The purpose of sanctioning power is to "control litigation and preserve the integrity of the judicial process." Id. at *3 (citing Nick, 270 F.3d at

8

594-95). "Each judge has an independent responsibility to enforce the directives [he or] she has laid down for the case." Gonzales, No. 2:14-cv-00792-GMN-NJK, 2015 U.S. Dist. LEXIS 153189, at *3-*4. The primary consideration in determining the appropriateness of the sanction is the deterrence of similar misconduct. Id. at *4-*5 (citing Martin Family Trust v. NECO/Nostalgia Enters. Co., 186 F.R.D. 601, 604 (E.D. Cal. 1999)).

Sanctions are also appropriate when a party's conduct constitutes a failure to meaningfully participate in mediation. Pursuant to Hawaii Federal District Court Local Rule ("L.R.") 88.1(f), litigants are under a duty to "*meaningfully participate in any mediation*" ordered by the court. Id. (emphasis added). "Meaningful participation" is synonymous with "good faith" within the context of alternative dispute resolution. See Gilling v. Eastern Airlines, Inc., 680 F. Supp. 169 (D. N.J. 1988) (equating "good faith" with "meaningful participation" with respect to arbitration proceedings). Parties that fail to participate in a meaningful manner are subject to sanctions because such conduct compromises the purpose of court-ordered mediation, increases costs, and reduces the efficiency of the judicial process. Gilling, 680 F. Supp. at 170.

III. THE SUNS' FAILURE TO MEANINGFULLY PARTICIPATE IN MEDIATION WARRANTS SANCTIONS

The Suns cannot ignore this Court's Order with impunity. See John's Insulation, Inc. v. L. Addison and Assocs., Inc., 156 F.3d 101, 109 (1st Cir. 1998).

9

By their actions, it is apparent that the Suns entered the mediation in bad faith, with no intention of meaningfully participating. Accordingly, sanctions are warranted.

    A.    The Suns' Failure to Attend the Entire Mediation Should Be Sanctioned

At the outset, the Suns violated this Court's personal attendance requirement by arriving late and booking a flight back to the mainland that required them to leave in the middle of the day. Implicit in the concept of good faith is that parties will participate in mediation in accordance with the directives contained in a court's order. See Nick, 270 F.3d at 596. "The court is authorized to impose sanctions *on any party that fails to attend and to fully participate in court-ordered mediation*." Stickney v. Pillsbury Co., No. 7:02CV3240, 2003 U.S. Dist. LEXIS 28296, *21 (D. Neb. Apr. 25, 2003) (citation omitted and emphasis added). Sanctions are also appropriate when a party to the mediation does not remain for the entire session. See Procaps S.A. v. Patheon Inc., No. 12-24356-CIV-GOODMAN, 2015 U.S. Dist. LEXIS 72464 at *4 (S.D. Fla. June 4, 2015) (discussing the district court's authority to sanction parties that leave a mediation "after a few minutes (or some other inadequate amount of time)").

In this case, the Suns arrived fifteen minutes late and remained a mere four hours despite the fact that all parties were duly notified that the mediation was ordered by the court and scheduled for the entire day. The Suns' announcement of their 1:00 p.m. departure to catch a flight back to California was a surprise to all,

10

including Justice Duffy, who had no prior knowledge.  Such conduct constitutes bad faith, and a substantive failure to mediation as order by this court.[3]  More importantly, Defendants' conduct shows that they **never** intended to participate in good faith, and planned all along to leave in the middle of the day (without prior notice or permission).

Furthermore, the Suns' absence contravenes the Court's order and the entire purpose for requiring personal attendance—to "increase the efficiency and effectiveness of the mediation by reducing the time for communication of offers and expanding the ability to explore options for mediation[.]"  See Mediation Order, Dkt. 76 at ¶ 3.  The Suns destroyed any efficiency or effectiveness the mediation potentially had by doing nothing but drive the negotiations backwards $20,000 and then leaving.  Also, the Suns denied HTK its court-ordered opportunity to engage in a meaningful exploration of settlement options with the Suns.  Rather, Defendants increased the costs of litigation and sabotaged the chance to resolve this dispute efficiently.  The Suns simply ignored their duty to meaningfully participate in the mediation and blatantly disobeyed this Court's order.

Accordingly, sanctions are appropriate here because the Suns substantively ignored this Court's order, failed to attend the entire mediation

---

[3] See Dkt. 76 at ¶ 3 (mandating personal attendance "unless otherwise excused by the mediator").

session, needlessly increased costs, and reduced the efficiency of the judicial process.

  B. The Suns' Refusal To Meaningfully Participate In The Process of Mediation Should Be Sanctioned

  This court has further grounds to sanction the Suns based on their refusal to participate in good faith negotiations during the mediation. The Court has the power to compel meaningful participation in the **process** of mediation. "In a mandatory court-ordered mediation, . . . adversary parties are *forced to participate in a collaborative process* that one or both parties may not desire." In re A.T. Reynolds & Sons, Inc., 452 B.R. 374, 381 (S.D.N.Y. 2011) (emphasis added). When the Court determines that providing an opportunity for the parties to participate in the mediation process is "reasonably likely to serve the interests of justice[,]" In re Atl. Pipe Corp., 304 F.3d 135, 145 (1st Cir. 2002), purposefully failing to undergo the process of court-ordered mediation becomes a sanctionable offense which the Court has a responsibility to enforce. See Legault v. Zambarano, 105 F.3d 24, 28-29 (1st Cir. 1997) (explaining that under Fed. R. Civ. Pro. Rule 16(f), the district court's duty is to protect the integrity of the judicial process and the court's credibility by assuring that litigants abide by the orders of the court).

  Here, Judge Seabright ordered mediation because "things are careening out of control." See Exhibit A at p. 28. Rather than take Judge

12

Seabright's comments seriously, the Suns chose to increase their settlement demands at the mediation, as compared to the prior settlement conferences. The Suns and their new counsel did not take the process seriously—they flat out refused to negotiate in good faith, which precluded any potential benefit of the court-ordered mediation. In re Atlantic Pipe Corp., 304 F.3d 144-45. The outrageous demands, the last minute change of counsel prior to mediation, and the failure of both the Suns and their local counsel to attend the entire mediation demonstrate a complete lack of regard for this court's order. As a result, the parties are left miles apart, and the entire mediation was counter-productive because Defendants' settlement position moved backward.

### C. The Failure of the Suns' Local Counsel to Attend Mediation Should Be Sanctioned

The failure of the Suns' local counsel to attend the mediation is also a grounds for sanctions. Pursuant to L.R. 83(e)(5), "[t]he associated attorney *shall at all times meaningfully participate* in the preparation and trial of the case with the authority and responsibility to act as attorney of record for all purposes." Id. (emphasis added). Furthermore, an attorney's failure to attend court-ordered mediation, regardless of whether the non-compliance was in bad faith, is grounds for sanctions. See Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc., 275 F.3d 762, 769 (9th Cir. 2001) (affirming the district court's imposition of sanctions under Fed. R. Civ. Pro. 16(f) for a party's failure to give notice of his

13

nonappearance at mediation). Sanctions are warranted regardless of whether the party or counsel fails to attend court-ordered mediation. See Fed. R. Civ. Pro. 16(f).

Here, the Suns' new mainland counsel had a duty to ensure that their local counsel substantively participated in the mediation. As *pro hac* admission, it is their duty to ensure that local counsel are able to meaningfully participate in the lawsuit and substantive procedures, such as a court ordered mediation. To be true, HTK has had no contact or communication from the Suns' local counsel regarding the mediation or settlement discussions. Although HTK did not object to the substitution of new mainland and local counsel just prior to the mediation, HTK was not aware that the Suns' new mainland counsel (Defendant Nicole Yang's sister) was planning to exclude the new local counsel from the mediation.[4] Thus, sanctions are justified.

D.     This Court Must Sanction Defendants

As explained above, sanctions are warranted pursuant to the Court's inherent authority and to "control litigation and preserve the integrity of the judicial process." Nick, 270 F.3d at 594.

---

[4] Prior local counsel Daniel Chen, Esq. participated in all substantive hearings and proceedings, as required by the rules.

14

428523-2

HTK respectfully requests that this Court consider imposing the following sanctions:

(1) Revocation of the Order Granting Applications of Bradford T. Child and Yi Yang to Appear Pro Hac Vice [Dkt. 90], filed February 8, 2016. This sanction is warranted based on *pro hac*'s counsel failure to comply with this Court's mediation order, failure to negotiate in accordance with Judge Seabright's comments, and failure to substantively involve local counsel.

(2) Monetary sanctions in the amount of $5,000, which consists of the approximate attorneys' fees incurred by HTK to prepare for and participate in the mediation. Given the level of gamesmanship the Suns have engaged in throughout the course of this litigation, the amount is also reasonably sufficient to deter such action in the future and to encourage the Suns' meaningful participation in settlement.

(3) An Order requiring Defendants to pay the entire mediator's fee and all of their own costs for the mediation. Judge Seabright's instruction for the parties to split certain costs was based on the assumption that the Suns would participate in good faith for an entire one day session. Given the Suns' improper conduct, they should bear all of the mediation costs.

IV.   CONCLUSION

      Plaintiff HTK respectfully requests that this Court GRANT the Motion and impose appropriate sanctions against Defendants and/or their counsel.

      DATED:   Honolulu, Hawaii, April 11, 2016.

      /s/ Matthew C. Shannon
      KARIN L. HOLMA
      MATTHEW C. SHANNON

      Attorneys for Plaintiff
      HTK HAWAII, INC.